UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH and ADAM SMITH, | |
| Plaintiffs, | CASE NO. C21-5380-BHS-SKV |
| v. | REPORT AND RECOMMENDATION |
| RESULT MATRIX, INC., et al. | |
| Defendant/Cross Claimant, | |
| v. | |
| DALE PEROZZO, | |
| Cross Defendant. | |

## INTRODUCTION

Plaintiffs Joseph and Adam Smith filed this civil suit naming Result Matrix, Inc., d/b/a Straight Arrow Screening (RMI), and Dale Perozzo, d/b/a Perozzo Premier Properties (Perozzo), as Defendants, and alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*., and state law.  Dkt. 1.  RMI filed crossclaims against Perozzo, alleging its entitlement to equitable indemnity under state law based on Perozzo's negligence and Perozzo's statutory liability under § 1681n(b) of the FCRA.  Dkts. 23 & 26.  Plaintiffs entered into a

settlement with Perozzo and stipulated to the dismissal of their claims against Perozzo.  Dkts. 24-25.

Perozzo now moves to dismiss RMI's Amended Cross Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 28.  Because Perozzo filed an Answer prior to the filing of RMI's motion, Dkt. 26, the Court construes the Motion to Dismiss for Failure to State a Claim as a Motion for Judgment on the Pleadings under Rule 12(c).  RMI opposes the motion.  Dkt. 29. The Court, having considered the motion and opposition, recommends Perozzo's motion, Dkt. 28, be GRANTED in part and RMI's crossclaim against Perozzo for statutory liability under § 1681n(b) of the FCRA be DISMISSED.  However, because Perozzo waived any challenge to RMI's state law crossclaim by only raising arguments in his reply, the Court recommends a judgment on the pleadings in relation to that claim be DENIED.

## BACKGROUND

As set forth in the Complaint, Plaintiffs applied to rent property from Perozzo, a licensed real estate broker, and authorized Perozzo to obtain their credit files.  Dkt. 1, ¶¶4.7-.9.  Perozzo did not have an account with a credit reporting agency or background check company and utilized an RMI account held by friends at Lewis and Clark Properties, LLC (Lewis and Clark). *Id*., ¶¶ 4.10-.15.  Perozzo obtained "mixed" reports, containing information belonging to individuals other than Plaintiffs, including an individual with a criminal history as a sex offender. *Id*., ¶¶4.1, 4.16.  Perozzo thereafter denied Plaintiffs' application and inaccurately disclosed to others – including law enforcement, Plaintiffs' references/clients, and their then current landlord – that Plaintiffs were sex offenders.  *Id*., ¶¶4.17-.22.

Plaintiffs allege that they requested, but neither Perozzo, nor RMI provided them with copies of the credit reports.  *Id*., ¶¶4.26-.32.  They allege RMI violated the FCRA through the

1    publication of incorrect information and through a failure to disclose all of the information in

2    their credit files at the time of their request for the same. *Id*., ¶¶5.1-6.6.  They alleged Perozzo's

3    actions constituted defamation and violated the Washington Consumer Protection Act through

4    the communication of incorrect information to third parties. *Id*., ¶¶7.1-8.14.  While Plaintiffs

5    reached a settlement with Perozzo, RMI filed its crossclaims before the claims against Perozzo

6    were dismissed.  *See* Dkts. 18, 23-24, 26.

7         In the Amended Cross Complaint, RMI asserts that, in its role as a credit/consumer

8    reporting agency (CRA)[1] under the FCRA, it ran background checks on Plaintiffs when Perozzo,

9    without RMI's knowledge or consent, used the Lewis and Clark subscription with RMI.  Dkt. 26,

10   ¶¶2.1-.7.  RMI asserts that the reports include information about other individuals with the same

11   first and last names and caution users to "filter" information so as not to rely on information

12   pertaining to such other individuals.  *Id*., ¶¶2.8, 2.10.  In this case, the reports identified criminal

13   violations attributable to individuals other than Plaintiffs, included warnings as to the limited

14   effectiveness of any service not using fingerprint analysis, directed that all additional identifying

15   information be used to confirm accuracy, and contained a photograph of the person with the

16   alleged criminal history to allow for a matching with the applicant.  *Id*., ¶¶2.9-.10.

17        RMI alleges that, before Perozzo ever saw or received copies of the reports, Lewis and

18   Clark informed him they included convictions for sexual offenses and that Perozzo, without

19   reviewing the reports or otherwise verifying the information for accuracy, contacted Plaintiffs'

20   former landlord and inquired about sex offender convictions.  *Id*.,¶¶3.2-.3.  RMI alleges Perozzo

21   failed to exercise his duty of reasonable care to determine the validity of information before he

22

23        [1] RMI initially described itself as a "credit" reporting agency, but, in a praecipe, changed this
     description to "consumer" reporting agency.  *See* Dkt. 26, ¶2.3 and Dkt. 30.

24

1   conveyed false information to others and made a rental denial decision, and that, but for

2   Perozzo's unauthorized use of a third party subscription to obtain the reports and his "careless

3   dissemination" of information intended only for RMI subscribers, Plaintiffs would not have

4   suffered the harm alleged and would have had no reason to bring an action against RMI. *Id.*,

5   ¶3.4-.6. RMI asserts Perozzo's liability under the principle of equitable indemnification for the

6   harm RMI has suffered as a result of Perozzo's negligence. *Id.*, ¶3.10-.11. RMI also alleges

7   Perozzo's liability under § 1681n(b) of the FCRA in that, as a person who obtained RMI's

8   reports under false pretenses, Perozzo is liable to RMI for damages sustained. *Id.*, ¶4.1.

9   <u>LEGAL STANDARD</u>

10   "After the pleadings are closed – but early enough not to delay trial – a party may move

11   for judgment on the pleadings." Fed. R. Civ. P. 12(c). Similar to a Rule 12(b)(6) motion, the

12   court accepts all factual allegations in the complaint as true and construes them in the light most

13   favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The

14   analysis for a Rule 12(c) motion is "substantially identical" to the analysis for a Rule 12(b)(6)

15   motion. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). "[U]nder both rules, a

16   court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff

17   to a legal remedy." *Id.* (internal quotation marks and citation omitted). Judgment on the

18   pleadings is appropriate when there is no issue of material fact in dispute and the moving party is

19   entitled to judgment as a matter of law. *Fleming*, 581 F.3d at 925.

20   A complaint must plead "enough facts to state a claim to relief that is plausible on its

21   face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the

22   plaintiff pleads "factual content that allows the court to draw the reasonable inference that the

23   defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

24

REPORT AND RECOMMENDATION - 4

1    While the Court construes the facts in the light most favorable to the non-moving party, it is not

2    required to "'assume the truth of legal conclusions merely because they are cast in the form of

3    factual allegations.'"  *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)

4    (quoted source omitted).  A complaint cannot survive if it is solely supported by "conclusory

5    allegations of law and unwarranted inferences[.]"  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th

6    Cir. 2004).

7                                    <u>DISCUSSION</u>

8          RMI's Amended Cross Complaint sets forth claims against Perozzo for negligence-

9    equitable indemnity under state law and for statutory liability under 15 U.S.C. § 1681n(b).  Dkt.

10   26.  In the dispositive motion now pending before the Court, Perrozo argues the crossclaims

11   should be dismissed because there is no right to contribution or equitable indemnification under

12   the FCRA or federal common law and because § 1681n(b) is not applicable to Perozzo's

13   conduct.  Dkt. 28.  Perozzo also, but only in his reply, raises challenges to the state law claim for

14   negligence-equitable indemnity.  Dkt. 31.

15   A.    <u>Liability Under § 1681n(b) of the FCRA</u>

16         The FCRA serves to "insure that consumer reporting agencies exercise their grave

17   responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15

18   U.S.C. § 1681(a)(4).  Consistent with that goal, CRAs may provide consumer reports – a

19   category defined to include credit reports, 15 U.S.C. § 1681a(d)(1) – only for specific

20   permissible purposes.  15 U.S.C. § 1681b.

21         While § 1681b imposes requirements only on CRAs, the FCRA also provides "a

22   mechanism for monitoring and limiting the actions of parties who request credit information

23

24

from credit reporting agencies." *Williams v. AT & T Wireless Servs., Inc.*, 5 F. Supp. 2d 1142,

1148 (W.D. Wash. 1998).  Specifically:

> Users of credit reports who violate specific provisions of the Act are subject to
> criminal and civil penalties. *See* §§ 1681n-q. Sections 1681n and 1681o create
> civil liability for willful (§ 1681n) or negligent (§ 1681o) noncompliance by a
> consumer reporting agency *or user of information* who fails to comply with "any
> requirement under this subchapter with respect to any consumer ...." Thus, users
> who fail to comply with any "requirement" imposed by the FCRA on users of
> credit information can be held liable by consumers. In addition, section 1681q
> imposes criminal liability on "[a]ny person who knowingly and willfully obtains
> information on a consumer from a consumer reporting agency under false
> pretenses."

*Id*. (citing and quoting 15 U.S.C. §§ 1681n-q; emphasis in original).

RMI alleges Perozzo is liable under § 1681n(b) of the FCRA "as a person who obtained

RMI's consumer report under false pretenses[.]"  Dkt. 26, ¶4.1.  Pursuant to § 1681n(b):  "Any

person who obtains a consumer report from a consumer reporting agency under false pretenses or

knowingly without a permissible purpose shall be liable to the consumer reporting agency for

actual damages sustained by the consumer reporting agency or $1,000, whichever is greater."  15

U.S.C. § 1681n(b).

"The standard for determining whether a consumer report has been obtained under false

pretenses will usually be defined in relation to the permissible purposes of consumer reports

which are enumerated in § 1681b." *Williams*, 5 F. Supp. 2d at 1148.  As explained by Ninth

Circuit:

> This is because a consumer reporting agency can legally issue a report only for
> the purposes listed in 1681b. If the agency is complying with the statute, then a
> user cannot utilize an account with a consumer reporting agency to obtain
> consumer information for a purpose not permitted by § 1681b without using a
> false pretense.

*Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978). *See also Williams*, 5 F. Supp. 2d at 1148 ("Stated differently, because § 1681b provides the only permissible purposes for issuing a credit report, and the credit reporting agency cannot issue a report for any other purpose, the only way a user can obtain a credit report for impermissible purposes is to misrepresent the purpose for obtaining the report. When the user uses false pretenses for obtaining the report, he is subject to civil liability[.]")  A false pretenses claim may involve, for example, a user that failed to disclose an impermissible purpose for obtaining a credit report or a user that affirmatively and falsely identified a permissible purpose. *Sullivan v. Wells Fargo Bank, N.A.*, 418 F. Supp. 3d 939, 953-54 (S.D. Ala. 2019) (cited cases omitted).  *See, e.g.*, *Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d 1264, 1273 (9th Cir. 1990) (finding false pretenses cause of action under either § 1681n or § 1681q where defendant falsely said it wanted a credit report for employment purposes); *Hansen*, 582 F.3d at 1219-20 (holding that "obtaining a consumer report in violation of the terms of the statute without disclosing the impermissible purpose for which the report is desired can constitute obtaining consumer information under false pretenses").

Whether a claim is based on false pretenses or the absence of a permissible purpose, a party seeking to establish liability under § 1681n(b), "must show that credit information was obtained for an impermissible purpose – a showing of a permissible purpose is a complete defense." *Edge v. Prof'l Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999) (citations omitted); *accord Landaker v. Bishop, White, Marhall & Weibel, P.S.*, No. C12-5898-RJB, 2012 WL 6025741, at *6 (W.D. Wash. Dec. 4, 2012) ("A showing of a permissible purpose is a complete defense."); *Perretta v. Capital Acquisitions & Mgmt. Co.*, No. C02-5561, 2003 WL 21383757, at *5 (N.D. Cal. May 5, 2003) (same).  *See also Sullivan*, 418 F. Supp. 3d at 953-54 (agreeing "with the many decisions recognizing that an element of a false pretenses claim is the

1  absence of a permissible purpose[]" and that the "ruling that the existence of a permissible

2  purpose (or the plaintiff's failure to allege or prove its absence) is equally fatal to both a

3  permissible purpose claim and a false pretenses claim.") (citations omitted).  That is, "[w]here a

4  permissible purpose of obtaining the credit information is demonstrated, then, as a matter of law,

5  the information cannot have been obtained under false pretenses." *Edge*, 64 F. Supp. 2d at 117

6  (citing *Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 264 (S.D.N.Y. 1994)).

7  *See also Scharpf v. AIG Marketing, Inc.*, 242 F. Supp. 2d 455, 468 (W.D. Ky. 2003) ("It is well-

8  established that if a person obtains and uses a consumer report pursuant to a valid permissible

9  purpose authorized by ... § 1681b, it cannot be liable under a false pretenses theory.")

10        In this case, RMI does not identify any impermissible purpose on the part of Perozzo.[2]

11  Plaintiffs allege they authorized Perozzo to obtain their credit files when they applied to rent

12  property.  Dkt. 1, ¶ 4.9.  RMI alleges:  "Perozzo is in the business of managing residential rental

13  properties. His tasks include qualifying prospective tenants for rental properties he manages. As

14  part of his function in qualifying prospective tenants for properties he manages, Perozzo

15  regularly conducts background and credit checks on prospective tenants." Dkt. 26, ¶2.2.  It

16  appears, as such, that the relevant permissible purposes under § 1681b would include "in

17  accordance with the written instructions of the consumer to whom it relates[]" and/or a

18  "legitimate business need for the information[.]"  15 U.S.C. §§ 1681b(a)(2) and (3)(F).  *See, e.g.*,

19  *Ali v. Vikar Mgmt. Ltd.*, 994 F. Supp. 492, 498-99 (S.D.N.Y. 1998) ("[A] legitimate business

20  need for consumer credit information (as applied in § 1681b of the FCRA) includes obtaining a

21  consumer report on a 'consumer who applies to rent an apartment.'") (quoting the Federal Trade

22

23       [2] RMI's crossclaim states in full:  "Pursuant to 15 U.S.C.A § 1681n(b) as a person who obtained
   RMI's consumer report under false pretenses he is liable to RMI for actual damages sustained by the
24  consumer reporting agency or $1,000 whichever is greater."  Dkt. 26, ¶4.1.

1  Commission's Statements of General Policy or Interpretations on the FCRA at 16 C.F.R. Part

2  600, App., § 604(3)(E), cl. 3).

3        In response to the motion to dismiss, RMI reiterates its allegation that Perozzo regularly

4  conducts background and credit checks on prospective tenants and appears to base its false

5  pretenses claim on the fact Perozzo obtained the credit credits without RMI's knowledge or

6  consent and while "masquerading" as Lewis and Clark.  Dkt. 29 at 2-4.   However, while it is

7  undisputed Perozzo did not have an account with RMI, RMI does not identify any facts

8  supporting a contention Perozzo obtained the credit reports under false pretenses or knowingly

9  without a permissible purpose.  RMI does not, for example, dispute Plaintiffs' contention that

10  they authorized Perozzo to obtain their credit files when they applied to rent property.  *See* Dkt.

11  1, ¶ 4.9.  Moreover, the facts set forth in RMI's crossclaims support the conclusion that Perozzo

12  obtained the reports due to the legitimate business need to conduct background and credit checks

13  in order to consider Plaintiffs' rental application.  *See* Dkt. 26, ¶2.2.

14        Neither the crossclaims, nor the response to the motion set forth any facts suggesting

15  Perozzo failed to disclose an impermissible purpose for obtaining a credit report or affirmatively

16  and falsely identified a permissible purpose.  Given the absence of any such facts and the

17  allegations and facts supporting the existence of a permissible purpose for obtaining the credit

18  reports, there is no basis for finding § 1681n(b) applicable to the current matter.  *See, e.g.,*

19  *Peretta*, 2003 WL 21383757, at *5 (finding § 1681n(b) claim failed and granting motion to

20  dismiss where plaintiff's allegation and the facts showed the defendant obtained a consumer

21  report for the permissible purpose of an effort to collect a debt); *Edge*, 64 F. Supp. 2d at 117-18

22  (noting that the issue of whether a report has been obtained for a permissible purpose is a

23  question of law and granting summary judgment on § 1681n(b) claim where there was no

24

1    evidence of an improper purpose and the evidence showed defendant had a permissible purpose

2    for obtaining a credit report). *See also Williams*, 5 F. Supp. 2d at 1152 ("A false pretenses claim

3    under § 1681q turns on whether the user obtained the credit information for a permissible

4    purpose. Having concluded that the defendants had a legitimate business need for the plaintiff's

5    credit report, the Court finds there is no basis for plaintiff's false pretenses claim under §

6    1681q."); *Veno v. AT&T Corp.*, 297 F. Supp. 2d 379, 385 (D. Mass. 2003) ("'False pretenses'

7    under [§ 1681q] requires not merely a purpose which is not technically in compliance with the

8    purposes set forth in [§ 1681b], but a calculated attempt to mislead another in order to obtain

9    information."; finding plaintiff failed to present "even the hint of any evidence" that defendant's

10   "true purpose was anything other than to obtain a credit report" and that the facts therefore

11   clearly did not describe a violation of § 1681q) (cleaned up).  Perozzo is, as such, entitled to a

12   judgment on the pleadings in relation to RMI's crossclaim under 15 U.S.C. § 1681n(b).

13   B.    Equitable Indemnification Under the FCRA or Federal Common Law

14           Perozzo also argues the crossclaims should be dismissed because there is no right to

15   contribution or equitable indemnification under the FCRA or federal common law.  As Perozzo

16   observes, this Court found as such in *McSherry v. Cap. One FSB*, 236 F.R.D. 516, 520-22 (W.D.

17   Wash. 2006) (finding, in considering the FCRA and applying the standard set forth in *Cort v.*

18   *Ash*, 422 U.S. 66, 78 (1975), that the FCRA neither expressly, nor implicitly provided for a right

19   to contribution or indemnity, and that there is no federal common law right to contribution or

20   indemnification under the FCRA).  Accordingly, to the extent RMI's crossclaims could be

21   construed as seeking equitable indemnity under federal law, such a claim would be subject to

22   dismissal.  *Id*.  *See also Fouts v. TD Bank USA, N.A.*, No. C21-2535, 2022 WL 951680, at *3 &

23   n.15 (D. Kan. Mar. 30, 2022) ("[T]he weight of authority is that indemnification and contribution

24

1   are not available under the FCRA or the federal common law."); *Taylor v. IDC Techs., Inc.*, No.

2   C15-2929, 2015 WL 6602526, at *2 & nn. 27-28 (N.D. Cal. Oct. 30, 2015) ("The FCRA does

3   not include any express provisions for indemnity or contribution, and all courts analyzing the

4   issue have found that it does not imply such a provision.  Federal common law does not create a

5   right for indemnity or contribution under the FCRA either.") (citations omitted).

6          RMI does not, however, include a cause of action seeking indemnification under the

7   FCRA in the Amended Cross Complaint.  *See* Dkt. 26.  RMI instead, and as discussed below,

8   seeks indemnification under state law.  The Court therefore need not and does not address

9   Perozzo's arguments and RMI's responses in relation to the issue of indemnification under the

10  FCRA.

11  C.     Negligence-Equitable Indemnity Under State Law

12         In seeking relief under Rule 12, Perozzo construed the Amended Cross Complaint as not

13  including "any separate state law claims (e.g. for breach of contract)."  Dkt. 28 at 4.  RMI does,

14  however, bring a state law crossclaim for negligence-equitable indemnity.  As stated above, RMI

15  alleges Perozzo failed to exercise his duty of reasonable care to determine the validity of

16  information in the credit reports before conveying false information to others and denying the

17  rental application, and that, but for Perozzo's wrongful acts, Plaintiffs would not have suffered

18  the harm alleged and would have had no reason to bring suit against RMI, thereby entitling RMI

19  to indemnification for damages sustained.  Dkt. 26, ¶¶3.4-.11.

20         Only in his reply to RMI's response did Perozzo raise challenges to the negligence-

21  equitable indemnity claim.  *See* Dkt. 31 at 2-3, 4-5.  However, in so doing, Perozzo did not

22  afford RMI an opportunity to respond to the challenges raised.

23

24

It is well established that the Court need not consider arguments raised for the first time in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Because Perozzo did not challenge the negligence-equitable indemnity claim in his motion and questions as to the viability of that claim have not been fully explored, the Court finds the belatedly raised challenges waived and declines to address them herein. *See*, *e.g.*, *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."); *Eberle v. Anaheim*, 901 F.2d 814, 817-18 (9th Cir. 1990) (declining to consider an issue raised for the first time in a reply, where an issue had not been fully explored). The Court does not, for this reason, find Perozzo entitled to any relief in relation to the state law crossclaim.

CONCLUSION

The Court, in sum, finds Perozzo entitled to a judgment on the pleadings in relation to RMI's crossclaim for statutory liability under the FCRA. Perozzo's Rule 12(c) motion, Dkt. 28, should be GRANTED in relation to that claim and the federal law crossclaim DISMISSED. Because Perozzo waived any challenge to RMI's state law crossclaim by only raising arguments in his reply, the Court recommends a judgment on the pleadings in relation to that claim be DENIED.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **May 20, 2022**.

Dated this 3rd day of May, 2022.

S. KATE VAUGHAN
United States Magistrate Judge