UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH SMITH, et al., | CASE NO. 3:21-cv-05380-BHS-SKV |
| Plaintiffs, | ORDER |
| v. | |
| TENANT TRACKER, INC., et al., | |
| Defendants, | |
| v. | |
| DALE PEROZZO, | |
| Cross Defendant | |

THIS MATTER comes before the Court on Magistrate Judge S. Kate Vaughan's Report and Recommendation ("R&R"), Dkt. 34, recommending the Court grant in part and deny in part Defendant/Cross Defendant Dale Perozzo's Motion for Judgment on the Pleadings, Dkt. 28.

1    The facts are detailed in the R&R and need not be repeated here. In short,
2    Plaintiffs Joseph and Adam Smith[1] sought to rent property from Dale Perozzo. Perozzo
3    accessed Defendant/Cross Claim Plaintiff Tenant Tracker's[2] credit reporting system to
4    run a credit and background check on Smith. Perozzo did not have an account with
5    Tenant Tracker, and instead used the access credentials of a non-party, Lewis and Clark
6    Properties. Tenant Tracker's report on Smith erroneously included information about a
7    different, non-party Smith, who was a registered sex offender. *See* Dkt. 1 at 4. Smith
8    alleges that Perozzo denied his rental application without explanation, and that he then
9    disseminated the false claim that Smith was a sex offender to law enforcement, his
10   current landlord, and the references Smith listed on his application. *Id*. at 4–5.
11   Smith sued, alleging violations of the Fair Credit Reporting Act ("FCRA") and the
12   Washington Consumer Protection Act, and defamation. *Id*. at 7–9. Smith ultimately
13   settled with Perozzo. Dkt. 18. Tenant Tracker asserted a cross claim against Perozzo,
14   both alleging that he had wrongly accessed and used its system and seeking indemnity for
15   the cost and damages it incurred in defending and resolving Smith's lawsuit. It alleges
16   that Perozzo accessed its system and obtained the results under false pretenses or for an
17   improper purpose, and, despite clear warnings, failed to properly "filter" the results. It

---

[1] The plaintiffs are brothers. This Order refers to them in the singular for clarity.

[2] Smith's complaint initially named Result Matrix, Inc., as a defendant. The parties have stipulated to the substitution of the proper defendant, an affiliated company called Tenant Tracker, Inc. Dkt. 57.

1  seeks indemnification or damages under the FCRA, specifically 15 U.S.C. § 1681n(b)).
2  Dkt. 26.

3       Perozzo seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), arguing
4  that the FCRA does not include a contribution or indemnity provision. Dkt. 28 at 2. He
5  argues there is no federal common law right to equitable indemnity, and that Tenant
6  Tracker's 15 U.S.C. § 1681n(b) claim should be dismissed because he obtained Smith's
7  consumer report for a "permissible purpose"—to determine whether he would be good
8  rental candidate. *Id.* at 6–8 (quoting *Veno v. AT&T Corp.*, 297 F. Supp. 2d 379, 385 (D.
9  Mass. 2003) ("A court is to determine whether a request for a consumer report has been
10 made under 'false pretenses' by looking at the permissible purposes for which consumer
11 reports may be obtained under 15 U.S.C. § 1681b of the FCRA.")). Perozzo's motion did
12 not address Smith's state law equitable indemnity claim.

13      The R&R properly considered Perozzo's motion under Rule 12(c), rather than
14 Rule 12(b)(6), because he had already filed an answer. The standard is the same under
15 Rule 12(b)(6) and Rule 12(c).

16      Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either
17 the lack of a cognizable legal theory or the absence of sufficient facts alleged under a
18 cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
19 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible
20 on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial
21 plausibility" when the party seeking relief "pleads factual content that allows the court to
22 draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555.).

"Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, . . . Rule 12(c) is functionally identical to Rule 12(b)(6) and the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (internal quotation marks omitted) (quoting *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* standard to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in

dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

As an initial matter, the R&R concluded that any federal common law equitable indemnity claim was not plausible, and recommends granting Perozzo's motion on that claim. Tenant Tracker does not object. The R&R on that point is ADOPTED, Perozzo's Motion for Judgment on the Pleadings on Tenant Tracker's federal common law equitable indemnity claim is GRANTED, and the claim is DISMISSED with prejudice.

The R&R also correctly concluded that, because Perozzo's motion did not address Tenant Tracker's state law equitable indemnity claim, and because he addressed that claim only in his reply, he waived his arguments on that claim. It recommends the Court deny Perozzo's motion on that claim. Perozzo objects, arguing that he did not have fair notice of the assertion of a state law equitable indemnity claim until Tenant Tracker clarified its claim in response to his motion. He claims the pleading was ambiguous and that he read it to mean federal common law equitable indemnity (which he successfully argues is not a viable claim). Dkt. 37 at 5–8.

The Court disagrees. The claim at issue is entitled "Negligence–Equitable Indemnity." Dkt. 26 at 3. Negligence is a state law tort, and equitable indemnity is a viable claim under Washington law. Accordingly, the Court agrees with the R&R that Perozzo's motion to dismiss this claim, raised for the first time in reply, came too late. It also concludes that the facts alleged (and largely admitted) fit squarely within Washington's common law equitable indemnity rule, also known as the "ABC rule." The elements of equitable indemnity under this rule are:

>(1) a wrongful act or omission by A [Perozzo] toward B [Tenant Tracker];
>(2) such act or omission exposes or involves B [Tenant Tracker] in litigation with C [Smith]; and
>(3) C [Smith] was not connected with the initial transaction or event, *viz.*, the wrongful act or omission of A [Perozzo] toward B [Tenant Tracker].

*Blueberry Place Homeowners Ass'n v. Northward Homes, Inc.*, 126 Wn. App. 352, 359 (2005) (internal quotation omitted). Tenant Tracker plausibly asserts that Perozzo (A) wrongfully accessed Tenant Tracker's (B) system, and then misused the report he effectively stole from Tenant Tracker, exposing Tenant Tracker to litigation by Smith (C).[3] Tenant Tracker has plausibly alleged that, because of Perozzo's wrongful conduct (namely, using someone else's credentials to access Tenant Tracker's system to generate a report, and then misusing that report), Perozzo exposed Tenant Tracker to litigation by Smith. Smith had nothing to do with Perozzo's misuse of Lewis and Clark's access credentials, and Smith was the victim of Perozzo's misuse of the report he wrongfully obtained.

In short, Smith sued Tenant Tracker because of Perozzo's wrongful conduct. Perozzo's claim that Tenant Tracker is at fault for failing to prevent him from wrongfully accessing its system, and failing to prevent him from misusing the information, is not persuasive. His suggestion that he owed no duty to Tenant Tracker (because he never

---

[3] Both parties suggest that the wronged plaintiff, Smith, is "B" in this analysis. *See* Dkts. 29 at 8 and 31 at 5. The Court disagrees. The ABC rule applies where the wrongful conduct of A causes B to be sued by C, and B seeks equitable indemnity from A. *See Blueberry Place*, 126 Wn. App. at 358–59.

contracted with it, or agreed to pay it for credit and background reports) is equally unavailing. *See* Dkt. 37 at 7.

The R&R's recommended resolution of this issue is ADOPTED. Perozzo's Motion for Judgment on the Pleadings on Tenant Tracker's state law equitable indemnity claim against Perozzo is DENIED, procedurally and on the merits.

Finally, the R&R concluded that Tenant Tracker's § 1681n(b) claim was not viable as a matter of law, under numerous cases interpreting that statute. Dkt. 34 at 10. That section provides:

> Any person who obtains a consumer report from a consumer reporting agency **under false pretenses *or*** knowingly **without a permissible purpose** shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

15 U.S.C. § 1681n(b) (emphasis added). This section is a mechanism for the consumer reporting agency to recover damages from one who misuses its report; the wronged consumer has a separate claim under § 1681n(a).

The R&R concluded that "[t]he standard for determining whether a consumer report has been obtained under false pretenses will usually be defined in relation to the permissible purposes of consumer reports which are enumerated in § 1618b." Dkt. 34 at 6 (quoting *Williams v. AT&T Wireless Servs., Inc.*, 5 F. Supp. 2d 1142, 1148 (W.D. Wash. 1998)). As the Ninth Circuit explained in 1978, one cannot obtain a consumer report for an improper purpose without using a false pretense. *Hansen v. Morgan*, 582 F.2d 1214, 1219 (9th Cir. 1978). The R&R also relied on other authority holding that "a showing of a permissible purpose is a complete defense." Dkt. 34 at 7 (quoting and citing *Edge Pro.*

*Claims Bureau*, *Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999) ("Where a permissible purpose of obtaining the credit information is demonstrated, then, as a matter of law, the information cannot have been obtained under false pretenses."); *Sullivan v. Wells Fargo Bank, N.A.*, 418 F. Supp. 3d 939, 953 (S.D. Ala. 2019) ("The court agrees with the many decisions recognizing that an element of a false pretenses claim is the absence of a permissible purpose.")).

The R&R recommends granting Perozzo's motion on Tenant Tracker's §1681n(b) claim because he obtained the report for a permissible purpose—to evaluate Smith as a potential tenant. Dkt. 34 at 12.

Tenant Tracker objects, arguing that Perozzo's misuse of Lewis and Clark's account to access the report and his failure to comply with the obligations of an authorized user meant he had an impermissible purpose; he did not identify himself and he did not certify that he was using the report for a permissible purpose. Dkt. 36 at 3–7 (citing 15 U.S.C. § 1681e(a); *Hernandez v. Lamboy Furniture, Inc.*, No. 07-00240, 2008 WL 4061344, at *6 (E.D. Pa. Sept. 2, 2008)). It argues that Lewis and Clark—the authorized user—had no permissible purpose in obtaining the report; it had no prospective contractual relationship with Smith. *Id*.

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection

requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to a Magistrate's Report and Recommendation are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the Magistrate Judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a Magistrate's Report and Recommendations when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum"). As Courts in other Districts have recognized and explained, such re-litigation is not an efficient use of judicial resources.

There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting

cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

The R&R thoroughly catalogued that, notwithstanding § 1681n(b)'s use of "or," courts around the country have consistently held that a user who obtains a consumer report for permissible purpose does not do so under false pretenses, as a matter of law. *See* Dkt. 34 at 6–8 (collecting cases). Accordingly, the viability of Tenant Tracker's §1681n(b) turns on whether the Smith report was obtained for a permissible purpose, even though it seems plain that Perozzo obtained the report by falsely claiming that he was Lewis and Clark, an authorized user of Tenant Tracker's services.

Tenant Tracker contends that Perozzo's purpose was not permissible under the only located authority addressing a factual context akin to this one, *Hernandez*. The user there, Lamboy Furniture, had a "subscription agreement" with a consumer reporting agency, NTN. Using that access, Lamboy obtained a credit report regarding a consumer, Hernandez, not for its own use, but for the use of a different entity, Diaz, who told Lamboy he was considering extending credit to Hernandez. Instead, Diaz was considering renting from Hernandez's grandmother. *Hernandez*, 2008 WL 4061344, at *3. Hernandez found her credit report in the space Diaz rented, and sued Lamboy and NTN (but not Diaz). The District Court granted Hernandez summary judgment on her claim that Lamboy had not obtained her credit report for a permissible purpose. *Id*. at *7, 11.

1  Tenant Tracker argues that the facts are virtually identical, Dkt. 36 at 5–6, and the Court agrees that they are close. But Hernandez involved a claim against the authorized user, Lamboy, who obtained a report for the benefit of a non-subscriber, Diaz. Diaz is in Perozzo's position, and Hernandez did not assert a claim against Diaz. Hernandez is perhaps authority for the proposition that Smith could have asserted a viable claim against Lewis and Clark. But the R&R concluded that Tenant Tracker's FCRA claim against Perozzo was not plausible because his purpose in obtaining the report was permissible. The Court agrees.

  The R&R is ADOPTED. Perozzo's Motion for Judgment on the Pleadings as to Tenant Tracker's federal equitable indemnity claim and its FCRA claim is GRANTED and those claims are DISMISSED with prejudice. The motion is DENIED as to Tenant Tracker's Washington law equitable indemnity claim.

  IT IS SO ORDERED.

  Dated this 31st day of August, 2022.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge