UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH and ADAM SMITH,<br><br>        Plaintiffs,<br><br>  v.<br><br>TENANT TRACKER, INC.,<br><br>        Defendant,<br><br>  v.<br><br>DALE PEROZZO,<br><br>        Cross Defendant. | CASE NO. 3:21-cv-05380-BHS-SKV<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER is before the Court on Magistrate Judge S. Kate Vaughan's Report and Recommendation ("R&R"), Dkt. 82. The R&R recommends the Court grant Cross Defendant Dale Perozzo's Motion for Summary Judgment on Defendant Tenant Tracker's crossclaim against him, Dkt. 67, and dismiss that crossclaim with prejudice. It recommends the Court deny Tenant Tracker's Motion for Summary Judgment on

ORDER - 1

Plaintiffs Adam and Joseph Smith's[1] claims against it, and deny its Motion for Summary Judgment on its crossclaim against Perozzo, Dkt. 63.

The facts of this unusual case are detailed in the current R&R, Dkt. 82, and Judge Vaughan's prior R&R, Dkt. 34, which this Court adopted, Dkt. 62.

Tenant Tracker objects to the recommended denial of its motion for summary judgment on Smith's claims against it, arguing there is no evidence that the reports it provided to Perozzo were the cause of Perozzo's decision to reject Smith's lease application. Dkt. 83. Perozzo, Dkt. 84, and Smith, Dkt. 85, both responded to Tenant Tracker's objections. Perozzo argues there is evidence his rejection of Smith's lease application was based on Tenant Tracker's report, and that the R&R addressed this evidence. Smith similarly argues that there is evidence supporting his claim that Tenant Tracker's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b) and 1681g, caused his harm.

There are no objections to the recommended denial of Tenant Tracker's summary judgment motion on its crossclaim against Perozzo, Dkt. 63, or to the recommended grant of Perozzo's summary judgment motion on Tenant Tracker's crossclaim against him, Dkt. 67. The R&R on those motions is therefore ADOPTED.

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

---

[1] This Order will use the singular "Smith" for clarity and ease of reference.

the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to an R&R are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum").

As courts in other districts have recognized and explained, such re-litigation is not an efficient use of judicial resources. There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate judge's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23,

1 2017) (collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019
2 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash
3 claims asserted in the Petition, which the magistrate judge has already addressed in the
4 R&R, are not sufficient under Fed. R. Civ. P. 72.").

5    The details of Smith's §§ 1681e(b) and 1681g claims against Tenant Tracker are
6 addressed in the R&R. In short, Smith claims that Tenant Tracker violated the former
7 provision by failing to establish or follow reasonable procedures to ensure that its credit
8 reports were accurate, and the latter by failing to accurately disclose to Smith the
9 information in his credit files. *See* Dkt. 82 at 7.

10    Tenant Tracker seeks summary judgment, arguing that the FCRA is not a strict
11 liability statute, and that Smith cannot demonstrate that either of its alleged violations
12 caused Smith's damage. *See* Dkt. 63. Tenant Tracker argues that Perozzo decided not to
13 lease to Smith based not on the inaccurate information about other "Smiths" in the Tenant
14 Tracker report, but on plaintiff Adam Smith's admitted 2007 misdemeanor conviction for
15 damage to property, in Minnesota. *Id.* at 20–21.

16    The R&R rejected this argument. Dkt. 82 at 16–18. It relied on Perozzo's
17 declaration, Dkt. 76, which explained that he "pretty likely" would have rented to Smith
18 despite the misdemeanor, based on the time that had passed, his age, and the lack of
19 similar trouble since. Dkt. 82 at 18 (citing Dkt. 76 at 3–4). It recommends that the Court
20 deny Tenant Tracker's summary judgment motion on this basis.

21    Tenant Tracker's primary objection to the R&R is on this causation issue. Tenant
22 Tracker argues that the R&R "does not address causation," and argues there is "no

evidence" of a causal link between Tenant Tracker's reports and Perozzo's decision to reject Smith's lease application. Dkt. 83 at 4. It argues that Perozzo's Declaration is a "sham," contradicted by his deposition testimony. Tenant Tracker argues that Perozzo decided to reject the application before he ever saw the report, based on non-party Brumfield's oral comment about it. *Id*. at 4–5 (citing *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012)). Specifically, Perozzo conceded at his deposition that the misdemeanor "conviction alone justified rejecting the plaintiffs' lease application." *Id.* at 5 (citing Dkt. 66-3 (Perozzo Dep.) at 10). Tenant Tracker argues that because the misdemeanor conviction alone could have supported his rejection of Smith's application, the additional, incorrect information could not have been a substantial cause of the rejection, as a matter of law.

Perozzo's Response to Tenant Tracker's objection correctly points out that the R&R did address causation, and determined that there was sufficient evidence of it to deny Tenant Tracker's motion. Dkt. 84 at 2. He argues and demonstrates that he denied Smith's application based on Brumfield's reading Tenant Tracker's report over the phone, not on a "careless oral comment" untethered to the report. *Id*. at 2–4. He also disputes the assertion that he would have—as opposed to *could* have, had he chosen to do so—rejected Smith's application based solely on the misdemeanor. Perozzo's Declaration does not clearly and unambiguously contradict his deposition testimony on this point, as the R&R correctly determined.

ORDER - 5

1    Smith's Response, Dkt. 85, similarly points out that Brumfield read the report's

2    articulation of "heinous sex crimes" to Perozzo, and that that erroneous information was a

3    substantial factor in his decision not to rent to Smith.

4    There is ample evidence of causation, and Tenant Tracker's objections to the

5    R&R's recommended resolution of Tenant Tracker's summary judgment motion are

6    OVERRULED.

7    The R&R is ADOPTED. Tenant Tracker's Motion for Summary Judgement on

8    both Smith's claim against it, and on its crossclaim against Perozzo, Dkt. 63, is DENIED.

9    Perozzo's Motion for Summary Judgment on Tenant Tracker's crossclaim against him,

10   Dkt. 67, is GRANTED and that crossclaim is DISMISSED with prejudice. The Clerk

11   shall terminate Perozzo as a party in the case.

12   The remaining parties shall file a joint status report addressing next steps,

13   including alternative dispute resolution, a proposed pretrial schedule with available trial

14   dates, and any other foreseeable issues in the case, within 30 days. The Referral to

15   Magistrate Judge Vaughan is TERMINATED.

16   IT IS SO ORDERED.

17   Dated this 24th day of March, 2023.

BENJAMIN H. SETTLE
United States District Judge